900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Dale LaFOND, Defendant-Appellant.
 No. 89-1838.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 LaFond was convicted of three counts of possession of methamphetamine, conspiracy to distribute methamphetamine, and possession with intent to distribute. 21 U.S.C. Secs. 841, 844, 846 (Supp.1989). He appeals on the grounds that the evidence against him was illegally seized, that the government breached a plea agreement made in a previous state case, and that the trial court improperly calculated the amount of drugs when setting his sentence.
 
 
 2
 LaFond had been part of a conspiracy to distribute methamphetamine from 1983 until his arrest in 1988. He bought the drug from motorcycle gangs in California, then sold it in Michigan. In 1988, one of LaFond's suppliers sent him a package of methamphetamine by Federal Express. The clerk in the Federal Express office was suspicious of the package, opened it, and found the drugs. He then called local police, who examined the package; they in turn called Michigan police, who disguised themselves as company employees and delivered it to LaFond. When LaFond opened the package and gave some of the drug to a friend, Darrell Fortney, he was arrested. LaFond was convicted in a bench trial.
 
 
 3
 This was not LaFond's first arrest for distributing methamphetamine. In August 1986, he pleaded guilty to distribution in Michigan state court and was placed on probation. LaFond agreed to help the police investigation and the state, in exchange, agreed that he would not be prosecuted in federal or state court for drug crimes committed before the date of the plea bargain.
 
 
 4
 The indictment charged that LaFond had belonged to a drug conspiracy from 1983 until 1988, although the court amended the indictment at LaFond's request to charge only conspiracy after August 1986. Two of the government's witnesses, LaFond's former associates, testified about drug deals they had made with LaFond as part of this ongoing conspiracy both before and after August 1986. LaFond claims that the admission of testimony concerning his activities before August 1986 violated the plea agreement. He also claims that the court improperly considered drugs he had sold before the date of the plea bargain in determining his sentence.
 
 
 5
 We reject LaFond's contention that a Federal Express employee was, in effect, a federal agent when he opened the package containing methamphetamine because the Federal Express office was near the police station and because the employee had reported drugs to the police before.
 
 
 6
 The fourth amendment forbids only unreasonable searches and seizures made by the government, not those made by private citizens. United States v. Jacobsen, 466 U.S. 109, 113 (1984). However, a private citizen acting on the government's behalf is considered an agent of the government and must obtain a search warrant if evidence he seizes is to be admitted in court. Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971). The Federal Express employee was not an agent of the government; police neither instigated nor directed his search. See United States v. Lambert, 771 F.2d 83, 89 (6th Cir.1985).
 
 
 7
 If a private citizen searches another's personal property, even illegally, and invites the police to examine it too, no warrant is needed. The owner's initial expectation of privacy has been lost, and the police may seize an object which is put within their plain view. Jacobsen, 466 U.S. at 121. The police search at the Federal Express office was not improper.
 
 
 8
 The government concedes that a Michigan search warrant, which incorrectly stated that police, rather than the Federal Express employee, had first opened the package in California, was improper, but it did not offer any evidence seized under the warrant. Rather, the government used Fortney's testimony to prove that LaFond had possessed the drugs.
 
 
 9
 LaFond was not prosecuted for crimes he committed before the date of his state plea agreement, a fact reflected in the amended indictment. The government proved that he had distributed methamphetamine after August 1986; it offered testimony of a conspiracy before that date only as background to explain LaFond's ties to several witnesses who testified about dealings in 1987 and 1988. This was a bench trial, and the trial court has great discretion to decide if particular evidence is relevant. United States v. Phillips, 575 F.2d 97, 100 (6th Cir.1978). The court did not abuse its discretion in this case.
 
 
 10
 Nor did the court consider drugs LaFond may have sold before August 1986 in determining his sentence. Michael White testified that LaFond brought a package of methamphetamine worth $40,000 to White's house in December 1986, and that in 1987 he had talked of getting $100,000 worth of the drug in California. Other government witnesses confirmed that LaFond had talked in 1987 and 1988 of bringing methamphetamine to Michigan from California. The district court found the testimony of government witnesses credible, and found that the government had proved by a preponderance of the evidence that LaFond had distributed between two thousand and four thousand grams of the drug after August 1986. This conclusion was not clearly erroneous. See United States v. Perez, 871 F.2d 45, 47 (6th Cir.1989).
 
 
 11
 We note finally that LaFond failed to raise below his claim that he was entitled to a two point reduction in his sentence for acceptance of responsibility, and so has waived it. See United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987). However, we do not mean to imply that such a claim would have been meritorious if it had been timely raised.
 
 
 12
 We AFFIRM the judgment of the district court.